**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ELIZABETH BARBAGALLO, )
Individually, and as Co-Administrator )
of the ESTATE OF MACKENZIE )
BARBAGALLO, and MICHAEL )
BARBAGALLO, Individually, and as )
Co-Administrator of the ESTATE OF )
MACKENZIE BARBAGALLO, )
                              )
         Plaintiffs, )
                              )
      v. )     C.A. No. N23C-08-200 SPL
                              )
THE NEMOURS FOUNDATION, )
individually and d/b/a ALFRED I. )
DUPONT HOSPITAL FOR )
CHILDREN, and A.I. DUPONT )
HOSPITAL FOR CHILDREN )
                              )
         Defendants. )

## <u>ORDER</u>

This 24th day of October 2024, upon consideration of Defendants' Motion to Compel, Plaintiffs' Response, and the parties' October 16, 2024, arguments, it appears to the Court that:

1. On August 18, 2023, Plaintiffs filed a complaint asserting three claims against the Defendants. D.I. 1. Defendants answered the complaint on October 6, 2023. D.I. 8.

2. With input from the parties, the Court entered a trial scheduling order ("TSO") on October 25, 2023. D.I. 13. On July 19, 2024, in response to the parties'

stipulated proposal, the Court entered an order modifying certain scheduling deadlines.  D.I. 36.

3.      Plaintiffs identified expert witnesses by notice filed on July 26, 2024. D.I. 37.  Defendants commenced efforts to depose Plaintiffs' identified experts.  Ex. A to D.I. 43.  Plaintiffs have resisted participating in the scheduling of depositions prior to the Defendants' expert disclosures.  D.I. 54.

4.      Defendants moved to compel the immediate scheduling of Plaintiffs' experts' depositions to occur "before the defense expert deadline of December 26, 2024."  D.I. 43 at 6.

5.      Plaintiffs contend that Delaware Superior Court Civil Rule 26 and consideration of general case management efficiencies should compel the Court to deny Defendants' Motion to Compel and, rather, direct depositions to occur after all disclosures – plaintiff and defense – are concluded.  D.I. 54 at 6, ¶ 12.  Defendants argue that "[t]he usual practice is that plaintiffs' experts are deposed before the defense experts are disclosed."  D.I. 43 at 3, ¶ 7.

6.      Superior Court Civil Rule 26(d) does not delineate the exact sequence and timing of parties' expert disclosures.  The rule states,

> Unless the Court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery.

Parties must comply with this rule as a precondition to the admissibility of expert testimony at trial.[1] And, of course, the parties must follow the trial court's scheduling order to ensure that discovery is conducted in an orderly fashion.[2] Scheduling orders "are not merely guidelines but have full force and effect as any other order of the Superior Court."[3]

7. Where, as here, the parties reach an impasse with respect to managing discovery, it is well settled that this Court "has discretion to resolve scheduling issues and to control its own docket."[4] Where the discovery process presents an opportunity for tactical advantage, this Court may act to ensure the fairness of the proceedings.[5] And, "[t]rial courts must be afforded broad discretion to fashion orders to expedite cases consistent with the administration of justice and the efficient disposition of their case loads."[6]

8. Both the plaintiffs and the defendants contend that their respective discovery methodologies create a more efficient process and, conversely, that their adversary's procedure injects inefficiency. In this case, the Court finds that the

---

[1] *Sammons v. Doctors for Emergency Servs., P.A.*, 913 A.2d 519, 528 (Del. 2006).

[2] *Id.*

[3] *Id.*

[4] *Coleman v. PricewaterhouseCoopers, LLC*, 902 A.2d 1102, 1107 (Del. 2006).

[5] *Hunt v. Court of Chancery*, 254 A.3d 396 (Del. 2021)

[6] *Wahle v. Medical Center of Delaware, Inc.*, 559 A.2d 1228, 1233 (Del. 1989).

parties should complete their expert disclosures before commencing depositions of those identified individuals. This, at a minimum, will reduce the potential number of depositions and will allow the parties to prepare for trial. But this does not mean that the parties should not work now to ensure depositions are completed sufficiently in advance of trial. To that end, the Court's order directs that scheduling occur now, but that the dates selected post-date expert disclosure deadlines. Adherence to this schedule will allow for orderly discovery and maintain the established trial schedule.

For the foregoing reasons, Defendants' Motion to Compel is **GRANTED in part** and **DENIED in part**. Plaintiffs shall, within 10 days of this order, provide dates and times after January 17, 2025, but before March 3, 2025, for the depositions of their proffered experts. Defendants shall, within 10 days of providing their expert disclosures under the amended TSO, provide dates and times after January 17, 2025, but before March 3, 2025, for the depositions of their proffered experts. If any rebuttal experts are identified, Plaintiffs shall, within 10 days of their disclosure, provide dates and times after January 27, 2025, but before March 3, 2025, for the depositions of any previously unidentified rebuttal expert.

**IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge